UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-08021-AG-SHK | Date: | September 13, 2018 |
| Title: | *Kevin W. Jones v. LAC Warden, et al.* | | |

Present: The Honorable Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None present | None present |

**Proceedings (IN CHAMBERS): Order To Show Cause For Failure to Prosecute**

On May 21, 2018, the Court issued an order dismissing Plaintiff's Complaint with leave to amend ("ODLA"), finding that although Plaintiff stated sufficient claims under the ADA and the Eighth Amendment, his Complaint failed because he did not identify the prison officials allegedly responsible for his injuries. The Court, being unable to order service of his Complaint on these individuals without this information, ordered Plaintiff to conduct discovery to determine the names of the Defendants and to then file an amended complaint naming the Defendants within 21 days of the ODLA.

However, as of September 13, 2018, Plaintiff has not filed an amended complaint. Rather, Plaintiff has filed numerous documents alleging further misconduct by unnamed parties (e.g., health and safety violations, religious discrimination, and the withholding of Plaintiff's mail) or making various requests from the Court, including a request for his immediate transfer to another facility and for copies of his case file. Further, Plaintiff has also improperly attempted to file several civil subpoenas with the Court to determine the identities of Defendants.

Although the Court liberally construes pleadings filed by pro se litigants, it is unable to interpret any of the documents Plaintiff has filed subsequent to the Court's issuance of the ODLA as an amended complaint. As the Court noted in its ODLA, an amended complaint *cannot* include new allegations that are not reasonably related to the claims in Plaintiff's original Complaint. However, Plaintiff's numerous filings include allegations bearing no relation to his claim for disability discrimination under the ADA or deliberate indifference under the Eighth

Amendment.  Moreover, none of his documents are designated on their face as Plaintiff's First Amended Complaint, and they not contain the allegations of his original Complaint, retyped or rewritten in its entirety, as required by the Court's ODLA.

As a result, as of the date of this Order to Show Cause, **Plaintiff has not filed a First Amended Complaint in response to the Court's ODLA**.  By failing to file an amended complaint, Plaintiff has failed to prosecute this action against Defendants.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why the Court should not dismiss his claims against Defendants for failure to prosecute.  If Plaintiff wishes to proceed with this lawsuit, Plaintiff must complete the following **within thirty (30) days of the date of this Order**:

(1) File an amended pleading curing the deficiencies in his original complaint consistent with the Court's ODLA; and

(2) Explain in writing why this action should not be dismissed for failure to timely file an amended pleading.

Before filing his amended complaint, Plaintiff must first identify the Defendants to his action by serving subpoenas.  Plaintiff should note that his subpoenas should *not* be filed with the Court.  Instead, Plaintiff should serve his subpoenas on the parties who he believes have the documents containing the information he seeks (i.e., the names of the individuals responsible for the allegations in his amended complaint).  Plaintiff should be sure to clearly identify these documents in his subpoena.  **Once Plaintiff has determined the identities of Defendants, he must name them in his amended complaint.**

Alternatively, if Plaintiff decides that he no longer wants to prosecute this case, he may request to voluntarily dismiss the action, without prejudice, under Federal Rules of Civil Procedure 41(a).  "Without prejudice" means Plaintiff can re-file the action in the future if it is not outside the statute of limitations or otherwise procedurally barred.

The Court warns Plaintiff that his failure to timely file an amended complaint and/or a response to this Order will be construed as consent to dismiss this lawsuit, without prejudice.

**IT IS SO ORDERED.**