UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. JONES,<br><br>                Plaintiff,<br><br>      v.<br><br>LAC WARDEN, et al.,<br><br>                Defendant. | Case No. 2:17-cv-08021-AG (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.    BACKGROUND AND SUMMARY OF ORDER

On September 26, 2017, Plaintiff Kevin Jones ("Plaintiff"), proceeding pro se and in forma pauperis, filed a § 1983 complaint against several employees of California State Prison, Los Angeles County ("LAC") in the United States District Court for the Northern District of California ("Northern District"). Electronic Case Filing Number ("ECF No.") 2, Compl. Plaintiff alleged that the Warden, Chief Physician and Surgeon, Chief Psychologist, other unspecified "Prison Officials" and "Medical Staff," and the Healthcare Appeals Coordinator at LAC, as well as the CCI Counselor R. Flores from the Richard J. Donovan Correctional Facility in San Diego, California (collectively, "Defendants"), violated his rights under Title II of the Americans with Disabilities Act ("ADA"), the Fourteenth

Amendment, and the Eighth Amendment. Id. The Northern District transferred the action to this Court on October 31, 2017, after determining that the Central District of California was the proper venue. ECF No. 9, Transfer Order.

On May 21, 2018, the Court issued an Order dismissing the Complaint with leave to amend ("ODLA") because Plaintiff failed to name Defendants. ECF No. 18, ODLA. The ODLA instructed Plaintiff to file an amended complaint within twenty-one days and included the following notice:

> **Plaintiff is explicitly cautioned that failure to timely file a FAC will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders under Federal Rule of Civil Procedure 41(b).**

Id. at 16-18 (emphasis in original).

Since that time, Plaintiff has filed various documents with the Court alleging further misconduct by unnamed parties (e.g., health and safety violations, religious discrimination, and the withholding of Plaintiff's mail) or making various requests from the Court, including a request for his immediate transfer to another facility and for copies of his case file. See ECF Nos. 23-40, 44. Further, Plaintiff has also improperly attempted to file several civil subpoenas with the Court to determine the identities of Defendants. See ECF Nos. 23, 25, 28, 29. The Court issued an Order to show Cause ("OSC") on September 13, 2018, notifying Plaintiff that none of his filings could reasonably be construed as an amended complaint. ECF No. 35, OSC at 1. Plaintiff was therefore required to file an amended complaint within 30 days and explain why the action should not be dismissed for failure to prosecute. Id. at 2. The Court reiterated that Plaintiff's failure to file an amended pleading would be "construed as consent to dismiss this lawsuit[.]" Id.

On September 17, 2018, Plaintiff filed an objection to an earlier order and reiterated several allegations, including illegal detention and mistreatment by prison staff. ECF No. 45, Notice of Objection. On September 25, 2018, Plaintiff's

2

mailed copy of the OSC was returned to the Court because Petitioner refused receipt. ECF No. 46, Returned ODLA. On October 1, 2018, the Court issued a Minute Order ordering Plaintiff to respond on or before October 22, 2018, to the OSC, cautioning him that failing to respond or continuing to refuse the Court's communications "**will** result in dismissal of his action without prejudice and may result in its dismissal with prejudice." ECF No. 47, Min. Order Re: Returned Mail (emphasis in original). Plaintiff filed two documents, notifying the Court about his change of address and making miscellaneous requests, on October 4, 2018. ECF Nos. 48, 49, Notice of Change of Address.

On October 31 and November 5, 2018, the Court received three items of returned mail. ECF Nos. 50-52. Each of these items (an order denying the filing of discovery sought by Plaintiff and two separate copies of the Court's OSC of October 1, 2018, instructing Plaintiff to respond to the Court's OSC by October 22, 2018), was returned to the Court with the notation that Plaintiff refused to accept the envelopes with these orders and communications from the Court. ECF Nos. 50-52. Plaintiff, however, has not filed an amended complaint as ordered, or requested an extension of time to file an amended complaint.

Considering Plaintiff's failure to prosecute this matter diligently and follow Court orders as discussed more fully below, the Court **DISMISSES** Plaintiff's action, without prejudice, under Federal Rule of Civil Procedure 41(b) and Local Rule ("L.R.") 41-1.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Failure To Prosecute And Follow Court Orders.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b)

dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986). Similarly, the Local Rules of the Central District of California permit courts to dismiss civil suits "which have been pending for an unreasonable period of time without any action." L.R. 41-1.

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

### 2. Analysis

Here, four of the five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an amended complaint as the Court ordered, along with his failures to accept orders and communications from the Court, hinders the complete development of the record and the issuance of, and ability to follow, orders that affect Plaintiff's ability to properly pursue this case. The Court has granted Plaintiff three opportunities, totaling over four additional months, to file a properly amended pleading, yet Plaintiff has failed to do so. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

/ / /

The third factor—prejudice to Defendants—does not weigh in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). However, here, Defendants have not yet been served because the Court dismissed the Complaint at the screening stage (i.e., before service on Defendants). Consequently, Defendants have not been prejudiced. Nevertheless, the other factors combine to weigh in favor of dismissal. Id. at 1452-53 ('[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor—public policy favoring deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility of timely amending the problems in his pleading and has consequently prevented the progression of this action toward resolution. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his compliance with the Court's orders. Plaintiff's refusal to comply with, or even accept, this Court's Orders and the Local Rules compel a conclusion that Plaintiff is unwilling to continue prosecuting this action. Nonetheless, because Plaintiff has continued to file various motions, requests, and notices, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to properly pursue his legal claim. Consequently, no less drastic sanctions are available here.

Accordingly, because the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for the additional reason that Plaintiff has failed to prosecute this action.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: 11/16/18

HONORABLE ANDREW J. GUILFORD
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge